Dykman, J.
This is an action for the recovery of damages sustained from an injury, which the plaintiff claims was caused by the negligence of the defendant. The plaintiff was the owner of a lighter, on which there were five hundred barrels of kerosene oil weighing four hundred pounds each. The defendants were stevedores, engaged in the removal of the barrels from the lighter to a large vessel. The barrels were raised by power applied to a rope with a Look at each end to hook into the chimes of the barrel. The injury to the plaintiff came in this way: The hooks were applied to a barrel, and the usual signal was given to hoist; the barrel was raised about four feet, when one of the hooks came off, and the barrel fell and broke the plaintiff’s leg. The testimony detailed with precision the manner in which the work was performed, and there was a model before the jury which illustrated the operation, and offered a definite idea of the mode and cause of the accident. There are no exceptions to the admission or exclusion of testimony, and the charge of the judge is not furnished. At the close of the plaintiff’s testimony the counsel for the defendant moved to dismiss the complaint, on the ground that the plaintiff was shown to have been guilty of contributory negligence. There was an exception to the denial of that motion, and that presents the sole question involved in this appeal. It does not appear that the defendants raised any question on the trial respecting their own negligence, and the principal contention here is, that the testimony showed the plaintiff guilty of contributory negligence so plainly that his complaint should have been dismissed. By the latest expression of the court of appeals: “It would have been error for the court to grant the nonsuit if, by any allowable deduction from the facts proved, a cause of action might be sustained by the plain *507 tiff. ” Within that rule the proof of the plaintiff’s negligence is not so clear as to justify the court in pronouncing his guilt as matter of law. It was not so conclusively established as to leave no doubt. From his own testimony and that of his main witness, the jury might find him careful, and the facts to be found and the inference to be drawn from all the testimony illustrated by the model were to be found and drawn by the jury and not by the court. It results that the nonsuit was properly denied, and as the testimony was strong enough to carry the cause to the jury, so it was sufficient to sustain the verdict rendered.
The judgment and order denying motion for a new trial should be affirmed, with costs.
Barnard, P. J., concurs.